UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel M. B.,  Civ. No. 21-1660 (PAM/ECW)

    Plaintiff,

v.  **MEMORANDUM AND ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

    Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is granted, Defendant's Motion is denied, and this matter is remanded to the Commissioner for further proceedings.

**BACKGROUND**

Plaintiff Joel M. B. filed an application for Supplemental Security Income benefits on October 2, 2019. (Admin. R. (Docket No. 16-7) at 376.) Plaintiff alleges that he became disabled on January 1, 2015, as a result of alcohol and drug dependency, depression, attention deficit/hyperactivity disorder ("ADHD"), anxiety, and post-traumatic stress disorder ("PTSD"), in addition to sleep apnea and obesity. (Id. at 62-63.) Plaintiff's disability onset date was later amended to October 1, 2018. (See id. at 74.)

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can

perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

The Administrative Law Judge ("ALJ") determined after a hearing that Plaintiff had several severe impairments: alcohol, marijuana, and methamphetamine dependency; major depressive disorder; ADHD; anxiety disorder; and PTSD.  (Admin. R. (Docket No. 16-2) at 62.)  The ALJ also noted that Plaintiff suffered from the non-severe impairments of sleep apnea and obesity.  (Id. at 62-63.)

The ALJ then determined that none of Plaintiff's severe impairments met or medically equaled the requirements of listed impairments.  (Id. at 63-64.)  The ALJ found that Plaintiff's RFC allowed him to perform a full range of work at all exertional levels with some nonexertional limitations, such as no contact with the public.  (Id. at 64.)  Finally, the ALJ determined that Plaintiff could perform his past relevant work as a landscape laborer and could perform other jobs that exist in significant numbers in the national economy; the ALJ therefore found that Plaintiff was not disabled.  (Id. at 73-74.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's disability determination.  Plaintiff contends that the ALJ erred in evaluating the medical opinions in the record, and in failing to consider whether Plaintiff's need for mental-health and substance-abuse treatment would preclude him from sustaining regular employment.  Plaintiff asks the Court to vacate the ALJ's decision and remand the case for further proceedings.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole," McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000), and whether the decision "complies with the relevant legal standards." Halverson v. Astrue, 600 F.3d 922, 292 (8th Cir. 2010) (quotation omitted). Most disputes in disability-insurance matters turn on evidentiary questions, and this Court's review of the ALJ's decisions regarding evidence is exceedingly narrow. Indeed, if "after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted). The Court is also bound, however, to evaluate whether the ALJ used erroneous legal standards or incorrectly applied the law, Collins v. Astrue, 648 F.3d 869, 871 (8th Cir. 2011), and review of such legal issues is not constrained by the same narrow standards. In this case, Plaintiff challenges both the ALJ's evidentiary determinations and the legal standard the ALJ was required to follow.

Plaintiff's first argument involves the opinion of Dr. Steve Plasch, who conducted neuropsychological testing on Plaintiff. Dr. Plasch opined that "chances are approximately 47 out of 100 that [Plaintiff has] a significant attention problem" despite Plaintiff taking Adderall the morning of the attention assessment. (Admin. R. (Docket No. 16-9) at 628.) Plaintiff contends that the ALJ legally erred by failing to specifically address the supportability and consistency of Dr. Plasch's opinions, noting that Dr. Plasch's

4

observations and opinions regarding Plaintiff's limitations in concentration, persistence, and pace are directly relevant to a determination of Plaintiff's ability to work full-time.

According to the regulations, supportability and consistency are the "most important factors" the Commissioner considers in evaluating medical opinions, and thus the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . ." 20 C.F.R § 404.1520c(b)(2)[1]; see also Bonnett v. Kijakazi, 859 F. App'x 19, 20 (8th Cir. 2021) (remanding to Commissioner when ALJ failed to evaluate whether medical opinion was consistent with other record evidence).

The Commissioner responds that Dr. Plasch's testing report was not a "medical opinion" under the regulations and thus that the ALJ was not required to analyze it as such. But the Commissioner's argument is contrary to its own characterization of the report in the Administrative Record, which lists the report as a "Medical Opinion – Mental, dated 2/18/2019, from Plasch, Steve PsyD."  (See Docket No. 16-9 at ECF p. 1.)  Moreover, it is difficult to imagine that a report regarding Plaintiff's mental state is not a relevant medical opinion when Plaintiff's mental state is directly at issue here.  The Commissioner's argument on this point is not well taken.

---

[1] These regulations "eliminate the long-standing 'treating physician' rule." Fatuma A. v. Saul, No. 19cv3160, 2021 WL 616522, at *5 (D. Minn. Jan. 26, 2021) (Brisbois, M.J.), R&R adopted, 2021 WL 615414 (D. Minn. 2021) (Wright, J.).  Under that rule, the Commissioner was required to give controlling weight to the opinion of a treating physician in most circumstances.  See Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citing then-applicable 20 C.F.R. § 404.1527(d)(2)). The new rule provides that the Commissioner need not "give any specific weight . . . to any medical opinion," including from a treating physician.  20 C.F.R. § 404.1520c(a).

The Commissioner concedes that the ALJ did not conduct a consistency or supportability analysis but contends that the failure to do so is harmless error. While it certainly appears from the ALJ's decision that he believed firmly that Plaintiff is not disabled and that Dr. Plasch's report might not change that determination, the ALJ is not free to disregard the regulations' requirements. Moreover, Dr. Plasch's report supports Plaintiff's claim regarding his inability to maintain attention, something necessary for much full-time employment. At a minimum, the ALJ should have addressed whether the report's conclusions, if otherwise supported and consistent with the evidence of record, had any effect on the RFC determination.

The ALJ is required to "address both supportability and consistency with respect to a medical opinion, and . . . offer good reasons for his determination" on those issues. Guess v. Kijakazi, No. 4:20cv887, 2021 WL 5983193, at *4 (E.D. Ark. Dec. 17, 2021). "The [ALJ's] failure to comply with SSA regulations is . . . legal error." Lucus v. Saul, 960 F.3d 1066, 1070 (8th Cir. 2020). The Court cannot ignore the regulations any more than the ALJ can. Because the ALJ did not perform any supportability or consistency analysis with respect to a medical opinion in the record, this matter must be remanded for that analysis.

Plaintiff also argues that the ALJ failed to consider whether Plaintiff's record of frequent hospitalizations would preclude him from gainful employment. But the ALJ fully analyzed Plaintiff's hospitalization history and concluded that most of the hospitalizations were a result of Plaintiff's homelessness, not mental-health issues. Indeed, the ALJ noted that Plaintiff was repeatedly discharged from various inpatient programs because he was not committed to the program but was merely using the program for housing. It is

6

reasonable to assume that if Plaintiff was employed, he would have sufficient funds for more secure housing and would not be forced to seek hospitalization. It was not erroneous for the ALJ to decline to consider the effect of these hospitalizations on Plaintiff's ability to maintain full-time employment, and on remand the ALJ need not revisit this issue.

## CONCLUSION

Because the ALJ did not conduct the required analysis of the medical opinions in the record, remand is required. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 27) is **GRANTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 31) is **DENIED**; and

3. This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  June 1, 2022      *s/Paul A. Magnuson*
  Paul A. Magnuson
  United States District Court Judge